## Case No. 10,457.

### OGDEN v. HARRINGTON.

[6 McLean, 418.] [1]

Circuit Court, D. Michigan. June Term, 1855.

SALE OF LAND FOR TAXES —PURCHASER'S TITLE—PAYMENT TO COUNTY INSTEAD OF STATE.

1. In a sale of land for taxes, any material act which the law requires, or which may prejudice the rights of the owner, will be fatal to the title of the purchaser.

[Cited in Cahoon v. Coe, 57 N. H. 596.]

2. But mere technicalities which do not come within this rule, and cannot prejudice the interest of the land holder, do not vitiate the sale.

3. A payment of the money received on the sale into the county treasury, instead of the state, or the treasury of the county, instead of the treasury of the township, cannot affect the title.

4. The officer who pays or receives the money wrongfully, is liable to pay it over to the proper treasury.

At law.

Mr. Walker, for plaintiff.
Mr. Lathrop, for defendant.

OPINION OF THE COURT. This is an action of ejectment to recover the possession of the north-east and north-west quarters of section 30 T. B. N., range 16 east, three hundred and twenty acres. The patent was issued to J. W. Edmonds, 15th August, 1837, which covers the land. In 1842 the patentee conveyed the land to plaintiff. The defendant claims under a tax title, and the points raised in the case are in regard to the validity of the procedure in the sale for taxes.

It is objected that the warrant of the supervisors to the township, however, is defective. It is directed merely to the treasurer, &c., whereas, it should have been issued in the name of the people of the state of Michigan. A reference is made to the 6th article of the constitution of Michigan, which relates to the judicial department, and which declares in the 7th section, that "the style of all process shall be 'in the name of the people of the state of Michigan.'" And in the act regulating the commencement of suits (Rev. Laws, 132), it is provided that the style of all process from courts of record in this state, shall be "in the name of the people, &c." These regula-

[1] [Reported by Hon. John McLean, Circuit Justice.]

tions, it would seem, were intended to apply only to judicial process; and if the same form had been used, to some extent, in directing certain things to be done, from a superior officer of the state to one who is inferior, it is mere matter of form, and need not be followed. It appears, indeed, where the form of the warrant, as it is called, which authorizes the treasurer to call the tax, is given by the proper authority, the form of judicial process is not followed. In such a case, where the form is not imperative, it can be of no importance. It is only necessary to direct or require the treasurer to collect the tax as stated on the duplicate.

It has again been objected that the land has not been legally assessed. The 2d section of the revised law provides, that "undivided shares or interests in lands shall' be assessed to the owners thereof, if such ownership is known to the assessors, and no tract in the same section, originally entered as one parcel, shall be subdivided in assessing, unless the fact of a subdivision having been made by the owner or owners shall be known to the assessors. The entry of the land is proved by the register. The mode of assessing lands owned by more than one person depends upon the personal knowledge of the assessors. Where there is no evidence as to the extent of ownership, to the assessors, the court will presume that the assessment has been correctly made; this presumption always arises in favor of the acts of an officer. It appears in this case there was no possession of the premises at the time it was assessed, so that it does not appear the assessors had any means of ascertaining the interest of such proprietor. The objection, therefore, that the assessment was erroneously made is not sustainable. An accurate description of the land is required, but to the description given by the assessors there is no objection except the one above stated.

It is again objected that the tax is not charged in dollars and cents. The signs of dollars and cents do not appear at the heads of the columns, but the valuation is stated, and the tax or the amount is so plainly stated as not to be mistaken, and in the last column the total amount of the tax is stated. The purposes of the tax are stated in each column, as for township, school, library and other purposes, so that there seems to be no force in this objection. In Sibley v. Smith, 2 Mich. 499, Chief Justice Shaw says: "Our rule is very plain and well settled, that all those measures which are intended for the security of the citizen for ensuring an equality of taxation, and to enable every one to know, with reasonable certainty, for what polls, and for what real and personal estate he is taxed, and for what all who are liable with him are taxed" are essential. The county treasurer, who is collector, is directed to retain in his hands the sum of one hundred and fifty dollars for township pur-

poses, and the further sum of one hundred and nine dollars and fifty cents, for school and library tax, and hold it, subject to the draft of the officers authorized by law to receive the same. And he is authorized, in addition to the aforesaid sums, to retain four per cent. for collection; and he is required, also, to pay over to the treasurer of the county of St. Clair the sum of five hundred and forty-seven dollars and fifty cents, for county purposes; and the further sum of forty dollars and eleven cents, for and on account of state assets; and the further sum of fifty-one dollars and fifty cents, for and on account of the militia; and four hundred and five dollars and forty-four cents, on account of delinquencies in the tax for highways.

It is objected, that the militia tax should have been directed to be paid to the township treasurer, instead of the county treasurer; but this cannot be material. A wrong application of the money cannot vitiate the sale for taxes. But in this case, if the payment be made into the county treasury, instead of the township, the error can be easily corrected by the payment of the sum to the township by the county treasurer. The tax assessed on the roll was, for state, county, township, school and militia purposes.

There is a further objection to pay to state assets. In answer to this, it is only necessary to repeat, that a wrong payment of the tax by the officer who collected it by a sale of property, cannot affect the sale. The officers through whose hands the money passes, and to whom it is paid wrongfully, are liable to pay the sum to the proper treasury.

Upon the whole, we do not see any such error in the proceedings under the tax sales, as affects the validity of the sale.

The jury were instructed accordingly, and they rendered a verdict for the defendant.